IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA )
)
      Plaintiff, )
)
vs. ) NO. CR-02-495
)
BENITO JOSE NUÑEZ, )
)
      Defendant. )

## OPINION AND ORDER

      Defendant Benito Jose Nuñez has objected to the criminal history calculation in the presentence report ("PSR") prepared in connection with his case. In the PSR he was assessed two criminal history points pursuant to U.S. Sentencing Guidelines Manual § 4A1.1(c) (2002) for two driving under the influence ("DUI") convictions, resulting in a criminal history category of II. Nuñez does not contest the existence of these convictions, but argues that his DUI convictions are constitutionally invalid because obtained in violation of his right to counsel. He contends therefore that the convictions may not be counted in calculating his criminal history category.

      Nuñez came before the Mesa County, Colorado Court on August 19, 1996 to answer to a variety of motor vehicle offenses, including DUI. On September 30, 1996 Nuñez pled guilty to the DUI pursuant to a plea bargain that provided for a suspended sentence. Colorado court records of this case include a printed form "Plea of Guilty and Advisement per Colo. R. Crim. Proc. 11." The form advises a defendant of his or her trial rights, including the right to counsel and the right to appointed counsel "if the prosecutor is seeking jail." The form includes an acknowledgment and waiver of those rights to be signed by the defendant. Nuñez's name has been printed at the top of the form, and at the bottom of the form appears a pre-printed order

28.

signed by the Court: "The Court finds that the defendant has entered his guilty plea to the charge voluntarily with full understanding of his or her rights, the nature of the charge and the possible penalties: therefore, the Court accepts the plea and enters judgment on the plea." The acknowledgment and waiver signature line is blank. Nuñez was sentenced on December 6, 1996 to a fine and a suspended sentence. The Colorado records reflect that Nuñez appeared pro se throughout the prosecution of the case.

On June 4, 1997, Nuñez appeared in Garfield County Court to answer to a second DUI charge. On July 9 he pled guilty to the charge. He was sentenced on August 13, 1997 to a seven day jail term, plus a fine and two years of probation. The Colorado court records in this case as well indicate that Nuñez proceeded pro se throughout the case. The court records include a printed "Defendant's Form No. 1: Acknowledgement [sic] of Advisement of Rights." This form also advises a defendant of his or her trial rights, including the right to counsel and the right to appointed counsel "as provided by law or applicable rule of criminal procedure." Nuñez signed the form on June 25, 1997, below a statement acknowledging "that the foregoing advisement of rights was given to me by the Court and I do fully understand the matters herein set forth." There is a handwritten notation on the county court's "Register of Actions" dated June 25, 1997: "Δ 'too busy' to contact lawyer."

There is no other record information from which to conclude that Nuñez waived his right to counsel, and Nuñez through his current counsel asserts that he did not waive his right to counsel in either case. The court records do not reveal whether Nuñez requested or would have qualified for appointed counsel in either case.

For purposes of calculating a defendant's Criminal History Category under the Sentencing Guidelines, a DUI conviction receives one point. See U.S.S.G. § 4A1.1(c); § 4A1.2,

2

cmt. n.5. A conviction that has been ruled constitutionally invalid in a prior case will not be counted, but the guidelines do not independently confer upon a defendant a right of collateral attack upon a conviction "beyond any such rights otherwise recognized in law." Id., cmt. n.6. The Tenth Circuit has recognized a right of collateral attack upon a prior conviction based upon the denial of counsel. United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996) (quoting United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994)); see also Custis v. United States, 511 U.S. 485, 494 (1994) (quoting Johnson v. Zerbst, 304 U.S. 458, 468 (1938)).

In misdemeanor cases where no sentence of imprisonment is imposed, an indigent defendant has no constitutional right to appointed counsel. Scott v. Illinois, 440 U.S. 367, 373-74 (1979). A defendant who receives a suspended or probated sentence of imprisonment upon conviction of a misdemeanor has a constitutional right to counsel, however. Alabama v. Shelton, 535 U.S. 654, ___, 122 S. Ct. 1764, 1776 (2002). As the Court explained, "[a] suspended sentence is a prison term imposed for the offense of conviction." Id., 122 S. Ct. at 1770; see also United States v. Reilley, 948 F.2d 648, 654 (10th Cir. 1991) (a conditionally suspended sentence cannot be imposed on a defendant who has been denied counsel).

An uncounseled misdemeanor conviction, valid under Scott because no prison term was imposed, may be relied upon to enhance the sentence for a subsequent offense, even though that sentence entails imprisonment. Nichols v. United States, 511 U.S. 738, 746-47 (1994); see also United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996). The government concedes that Nichols therefore dictates that a court may not base a sentence enhancement upon a prior uncounseled misdemeanor conviction where the defendant received a sentence of incarceration, unless the defendant waived counsel. It logically follows, post-Shelton, that a prior uncounseled misdemeanor conviction for which a defendant received a suspended or probated sentence may

3

likewise not form the basis for a sentence enhancement. See, e.g., Torres-Soria v. United States, 123 S. Ct. 658 (2002) (mem.) (vacating judgment of Fifth Circuit Court of Appeals that uncounseled misdemeanor conviction resulting in probationary sentences could be used to enhance sentence, remanding for further consideration in light of Shelton).

Nuñez must demonstrate the constitutional infirmity of his convictions by a preponderance of the evidence in order to overcome the presumption of regularity that attaches to final judgments. Windle, 74 F.3d at 1001; Johnson, 304 U.S. at 468-69; see also Parke v. Raley, 506 U.S. 20, 29-30 (1992) (presumption of regularity applies on collateral attack).

Nuñez had a right to the assistance of counsel for both of his DUI proceedings: in the 1996 case he received a suspended sentence, and in the 1997 case he received a jail term plus probation. The available records of the 1996 conviction reflect that Nuñez was informed of his rights on August 19, 1996,[1] and that the County Court found on September 30, 1996 that Nuñez entered a guilty plea voluntarily with full understanding of his rights. Nuñez was not informed on September 30, however, that he had a right to appointed counsel if indigent: the form specifically provided that he had a right to appointed counsel only if the prosecutor was seeking jail.[2] The prosecutor was not seeking jail for Nuñez's offense.

The Government has produced a letter from the Mesa County Court judge who presided

---

[1] On the pre-printed "Register of Actions" a box is checked, indicating that the Defendant was advised of his rights, the nature of the charges and the possible penalties.

[2] In relevant part, the "Plea of Guilty and Advisement Per Colo. R. Crim; Proc. 11" form states:
> The following is a statement of the rights which the defendant has in this case: . . . c. If you do not have the means to hire an attorney, you can ask the Court to appoint one for you without cost to you, and one will be appointed if the prosecutor is seeking jail.

4

over Nuñez's case six years ago. The letter states that Nuñez was arrested on August 27, 1996 for DUI and other charges, and that before an initial appearance on August 18, 1996[3] he viewed a video that advised him of his right to counsel and to appointed counsel. The letter states that on September 30 when Nuñez changed his plea, the judge "asked him if he read and understood the guilty plea advisement form. Further, I went over with him his right to an attorney and court-appointed counsel if he could not afford an attorney." Judge Smith letter dated 2/11/03.

This Court appreciates that the County Court judge made sure that Nuñez was advised of his rights at his initial appearance and at his change of plea. But according to the court records, Nuñez would have been advised that he could not have a court-appointed attorney because the prosecutor was not seeking jail. In the absence of evidence to the contrary, this Court will assume that the County Court judge employed a form that accurately conveyed notice of a defendant's rights under Colorado law, and that he provided advice to defendants that was consistent with the form and consistent with his understanding of Colorado law.

Nuñez has produced evidence of the constitutional infirmity of his 1996 conviction: the court record demonstrating that he was advised that he had no right to appointed counsel on a charge for which he was to receive a suspended sentence. The letter from the Mesa County Court judge fails to dispute or explain this record. The Court finds that Nuñez has carried his burden of showing that he was denied a right to the assistance of appointed counsel.[4] The

---

[3] No explanation for the discrepancies in dates between the judge's letter and the court records has been provided.

[4] The defense cited a Colorado Court of Appeals decision for the proposition that under Colorado law Nuñez could not have received appointed counsel because he did not receive a sentence of incarceration. See Knapper v. Aurora Municipal Court, 985 P.2d 105 (Colo. Ct. App. 1999). The Court does not read Knapper so broadly; Knapper merely held that an indigent defendant was not entitled to court-appointed counsel on appeal, when she was sentenced to a

uncounseled conviction cannot, under Nichols, be used to enhance his punishment here.

Even were this Court to find that Nuñez had been adequately apprized of his right to appointed counsel, however, the court record does not demonstrate that Nuñez validly waived his right to counsel. The record of his guilty plea is blank where Nuñez was to sign indicating that he understood and waived his right to counsel. If a record of conviction shows entitlement to counsel but does not indicate an effective waiver of representation, the conviction is presumptively void. Strachan v. Army Clemency & Parole Bd., 151 F.3d 1308, 1311 (10th Cir. 1998).

With regard to waiver, the Mesa County Court judge's letter states that on September 30 when Nuñez changed his plea, the judge advised him of his rights as quoted above, and

> then told him that by going ahead without an attorney he was waiving that right. I would not have signed the guilty plea form if he said he wanted an attorney. The case would have been continued so he could make his arrangements for counsel.
>
> Although Mr. Nunez did not sign the guilty plea form, I feel comfortable in stating after reviewing the documents in our court file he did waive his right to counsel.

Judge Smith letter dated 2/11/03.

Neither the court records nor the judge's recollection make clear whether Nuñez effectively waived his right to counsel. The letter does not represent that Nuñez did in fact waive his right to counsel. No doubt the County Court judge feels comfortable in stating that Nuñez waived his right to counsel because it is his practice, as well as his duty under the law, not to accept a guilty plea without ascertaining that a defendant knows and understands his or her trial

---

fine upon conviction. See id., 985 P. 2d at 106. In Colorado, as elsewhere, an indigent defendant has long had a constitutional right to appointed counsel if a term of imprisonment might be imposed upon conviction. See King v. People, 728 P.2d 1264, 1268 (Colo. 1986).

6

rights and voluntarily wishes to waive them. But the County Court's Order of September 30, 1996 makes no mention of waiver. The court records, which could as easily have provided evidence that Nuñez waived his trial rights as they demonstrated that he was informed of them, are utterly silent on the issue of waiver. The presumption of invalidity is not overcome by an inconclusive record. "'An ambiguous and inconclusive record is tantamount to a silent one, from which [one] may presume neither the presence of counsel nor the waiver thereof.'" Strachan, 151 F.3d at 1311 (quoting Oswald v. Crouse, 420 F.2d 373, 374 (10th Cir. 1969)).

With regard to the 1997 conviction, the available records reflect that Nuñez was informed of his rights on June 4, 1997 and June 25, 1997, including the right to counsel and to appointed counsel if indigent,[5] and that he informed the County Court that he had been too busy to contact a lawyer. This Court finds that Nuñez has failed to demonstrate by a preponderance that he was denied a right to the assistance of counsel or to the assistance of appointed counsel if indigent.

The 1997 records contain no evidence that Nuñez validly waived his right to counsel, however. The records contain only the notation that Nuñez was "too busy" at one point to contact a lawyer. This is hardly evidence of an effective waiver of counsel. The Government has made no contrary showing of a waiver in this case. It has provided a memo from a judge of the Garfield County Court stating that it is standard practice to accompany a plea bargain with a plea bargain form that contains an explicit waiver of counsel, but it has offered no specific evidence of waiver in this case.

As a panel of this Circuit stressed many years ago, "[t]he right to counsel guarantee

---

[5] On the pre-printed "Register of Actions" form the box is checked indicating that the Defendant was advised of his rights, the nature of the charges and the possible penalties. Nuñez also signed an acknowledgment that he had been advised of his rights, including the right to counsel and to appointed counsel if indigent.

7

involves, not only a right but a 'jurisdictional prerequisite' to criminal prosecutions, unless properly waived. We feel this is the underlying basis for the strict requirement of showing of a proper waiver of the right to counsel." Arbuckle v. Turner, 440 F.2d 586, 589 (10th Cir. 1971) (quoting Johnson, 304 U.S. at 467-68; citing Carnley v. Cochran, 369 U.S. 506, 515-16 (1962)). Given Strachan's presumption of invalidity, and the absence of any specific evidence that Nuñez waived his right to counsel, this Court finds that Nuñez has met his burden of demonstrating the absence of an effective waiver of his right to counsel in his 1996 and 1997 convictions.

Because the 1996 conviction was obtained in violation of Nuñez's right to counsel, and there is inadequate evidence of waiver of the right to counsel for either conviction, the 1996 and 1997 DUI convictions may not be used to elevate Nuñez's criminal history category. See Nichols, 511 U.S. at 746-47.[6] The Court sustains Nuñez's Objection to Criminal History Calculation in his PSR, and finds that Nuñez has a total of 0 criminal history points, which places him at criminal history category I. He therefore meets the eligibility requirement of 18 U.S.C. § 3553(f)(1) for sentencing pursuant to the safety valve provisions.

Dated this 13th day of February, 2003.

William K. Sessions III
United States District Judge

---

[6] Of course, this Court may take into account at sentencing Nuñez's past criminal behavior, regardless of the validity of the convictions that proceeded from that behavior. See Shelton, 122 S. Ct. at 1771; Nichols, 511 U.S. at 747-48; United States v. Cox, 83 F.3d 336, 340 (10th Cir. 1996).

8